IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2019-WJM-KMT

JDM FARMLAND, LLC, a Delaware limited liability company,

    Plaintiff,

v.

PAUL MCGEARY, an individual,

    Defendant.

**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO REOPEN CASE FOR THE LIMITED PURPOSE OF ENTERING CONSENT JUDGMENT**

Before the Court is Plaintiff JDM Farmland, LLC's Renewed Motion to Reopen Case for the Limited Purpose of Entering Consent Judgment ("Renewed Motion"). (ECF No. 26.) Plaintiff states that although its counsel attempted to confer with Defendant Paul McGeary's counsel regarding the requested relief, Defendant's counsel did not advise whether Defendant opposes the Renewed Motion. (*Id.* at 1.) However, Defendant opposed Plaintiff's original Motion to Reopen the Case for the Limited Purpose of Entering Consent Judgement. (*Id.*) As of the date of this Order, Defendant has not filed a response in opposition, and the time in which to do so has passed.

On August 20, 2021, the Court entered its Order Denying Plaintiff's Motion to Reopen Case for the Limited Purpose of Entering Consent Judgment because the Court did not retain jurisdiction over this matter. (ECF No. 25.) In its Renewed Motion, Plaintiff requests that the Court reopen the case under Federal Rule of Civil Procedure 60(b) because the parties have agreed that Plaintiff may file the Consent Judgment if

Defendant breached the terms of the Settlement Agreement by failing to make the agreed upon settlement payments. (ECF No. 26 at 2.) Further, Plaintiff asserts that diversity jurisdiction remains in this case. (*Id.* at 3.)

The Supreme Court has spoken regarding federal courts' jurisdiction to enforce settlement agreements. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In short, enforcing a settlement agreement is usually a question of enforcing a contract under state law and creates no federal jurisdiction unless

> the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381.

In this case, the Court did not expressly retain jurisdiction to enforce an alleged breach of the parties' settlement agreement. Thus, no federal jurisdiction exists to enforce the settlement agreement simply because it led to dismissal of this lawsuit. To enforce the settlement agreement, Plaintiff must file a new lawsuit for breach of the settlement agreement (which is essentially a lawsuit for breach of contract).

Accordingly, Plaintiff's JDM Farmland, LLC's Renewed Motion to Reopen Case for the Limited Purpose of Entering Consent Judgment (ECF No. 26) is DENIED WITHOUT PREJUDICE to Plaintiff filing a new action in a court of appropriate jurisdiction.

Dated this 8th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge